COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-209-CR
 
 
JAMES 
A. BROWN                                                                APPELLANT
   
V.
   
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM 
OPINION[1]
 
------------
        Appellant 
James A. Brown appeals from his conviction for possession of a controlled 
substance.  We will affirm.
        On 
March 31, 2003, Fort Worth police responded to a call to go to the 5100 block of 
Anderson Boulevard.  When they arrived, they saw a black PT Cruiser parked 
in a driveway.  When an officer shone his patrol car's spotlight into the 
vehicle, appellant, who was sitting in the driver’s seat, quickly bent down 
and reached under his seat.  Appellant and his two passengers then exited 
the vehicle and met the officers.  The officers smelled marijuana emanating 
from the vehicle.
        The 
officers identified appellant, determined that he had outstanding warrants, and 
arrested him on those warrants.  A search of appellant's person produced a 
large amount of cash and the keys to the vehicle. Neither appellant nor his 
passengers lived at the residence where the vehicle was parked.
        A 
search of the vehicle revealed marijuana in the passenger door[2] 
and cocaine under the driver’s seat.  The State charged appellant with 
possession of 1.94 grams of a material containing cocaine, and appellant pleaded 
not guilty.  A jury found appellant guilty of the charged offense, and the 
trial court sentenced him to sixteen years' confinement.
        In 
two points, appellant challenges the legal and factual sufficiency of the 
evidence proving that he was aware that he was in possession of the 
cocaine.  To prove possession of a controlled substance under the 
indictment, the State had to show that appellant exercised actual care, custody, 
control, or management over one gram or more but less than four grams of cocaine 
and that he knew the cocaine to be contraband.  See Tex. Health & Safety Code Ann. § 
481.002(38) (Vernon Supp. 2004-05); McQuarters v. State, 58 S.W.3d 250, 
259 (Tex. App.—Fort Worth 2001, pet. ref’d).
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. State, 133 S.W.3d 
618, 620 (Tex. Crim. App. 2004).
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
view all the evidence in a neutral light to determine whether the fact finder 
was rationally justified in finding guilt beyond a reasonable doubt.  Zuniga 
v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  We are to give 
deference to the fact finder’s determinations, including determinations 
involving the credibility and demeanor of witnesses.  Id. at 481; Cain 
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not 
substitute our judgment for that of the fact finder’s.  Zuniga, 144 
S.W.3d at 482.
        Reviewing 
the evidence set forth above under the applicable standards of review, we 
conclude that it is both legally and factually sufficient to support 
appellant’s conviction for possession of a controlled substance. Accordingly, 
we overrule appellant’s points and affirm the trial court’s judgment.
   
  
                                                                  PER 
CURIAM
 
 
  
PANEL 
A:   CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 16, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The marijuana belonged to the front seat passenger.